UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIRRICO LEWIS,

    Petitioner,

v.                                                                            Case No: 6:16-cv-1187-Orl-37TBS
                                                                                     (6:13-cr-311-Orl-37TBS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 4) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner was provided with the opportunity to file a reply to the Response, but he failed to do so. For the reasons set forth herein, the Motion to Vacate is denied as untimely.

I.     PROCEDURAL BACKGROUND

The United States Attorney for the Middle District of Florida charged Petitioner by Information with one count of fraud and related activity in connection with access

devices. (Criminal Case No. 6:13-cr-311-Orl-37TBS, Doc. 10).[1] Petitioner entered into a Plea Agreement (Criminal Case Doc. 12) in which he agreed to enter a plea of guilty to the charge in the Information. Petitioner entered his plea before Magistrate Judge Thomas B. Smith, who filed a Report and Recommendation Concerning Plea of Guilty. (Criminal Case Doc. 18) recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 22) in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offense. On May 21, 2014, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 42) in which Petitioner was sentenced to imprisonment for a term of 96 months, to be followed by supervised release for a total term of 3 years. Petitioner did not file a direct appeal.

The Motion to Vacate was filed on June 24, 2016, under the mailbox rule.[2]

## II. LEGAL STANDARD

---

[1] Criminal Case No. 6:13-cr-311-Orl-37TBS will be referred to as "Criminal Case." Petitioner waived prosecution by Indictment. (Criminal Case Doc. 15).

[2] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted). Absent evidence to the contrary, the Court assumes that a prisoner delivered a filing to prison authorities on the date that he signed it. *Id.*

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### III. ANALYSIS

The Motion to Vacate is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255. As already noted, the judgment of conviction in this case was entered by the Court on May 21, 2014. Because no appeal was filed, the judgment of conviction became final 14 days after the entry of judgment by the Court. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for

filing an appeal expires).[3] Thus, Petitioner's conviction became final on June 4, 2014. As a result, Petitioner had until June 4, 2015, to file a section 2255 motion in this case.

Petitioner argues that his lack of education and inability to hire an attorney should excuse the applicability of the one-year period of limitation. (Doc. 1 at 12).

Equitable tolling may apply when a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotation omitted). However, Petitioner's lack of legal knowledge and the unavailability of legal assistance do not constitute "extraordinary circumstances" for purposes of equitable tolling. *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013); *see also Simmons v. Jones*, No. 3:14CV374/MCR/CJK, 2015 WL 5190561, at *3 (N.D. Fla. June 26, 2015) ("A petitioner's lack of counsel or misapprehension of the law governing the limitations period does not provide a basis for equitable tolling."). "As with any litigant, *pro se* litigants are deemed to know of the one-year statute of limitations." *Perez*, 519 F. App'x at 997 (quotation omitted). Moreover, Petitioner has not established that he exercised due diligence in pursuing his rights. Consequently, because the Motion to Vacate is untimely, this case must be dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

---

[3] *See* Fed. R. App. P. 4(b)(1)(A)(i) ("a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]").

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

V. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:13-cr-311-Orl-37TBS.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 47) filed in criminal case number 6:13-cr-311-Orl-37TBS.

**DONE** and **ORDERED** in Orlando, Florida on June 28th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 6/28